**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  08-cv-00254-REB-KMT

MARY McCLENAHAN,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, a New York Insurance Company, and THE KROGER CO. HEALTH AND WELFARE BENEFIT PLAN, an ERISA welfare benefit plan,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION IN LIMINE

**Blackburn, J.**

This matter is before me on the **Defendants' Combined Motion *In Limine* and Supporting Brief** [#42] filed December 5, 2008.  The plaintiff filed a response [#47], and the plaintiff filed a reply [#50].  I grant the motion.

The plaintiff, Mary McClenahan, was insured under a long term disability plan provided by defendant Metropolitan Life Insurance Company (MetLife) under the the Kroger Co. Health and Welfare Benefit Plan (Plan).  The Plan is governed by the Employee Retirement Income Security Act of 1974 (ERISA).  29 U.S.C. §§ 1001 - 1461.  In this case, McClenahan seeks review of MetLife's decision to deny McClenahan continued disability benefits under the plan.  Such review is available under 29 U.S.C. § 1132(a), part of ERISA.

As discussed in my order addressing the parties' motions for summary judgment, when a federal court reviews an ERISA plan administrator's decision for abuse of discretion, the federal court is limited to consideration of the "administrative record" - the materials compiled by the administrator in the course of making his decision. ***Hall v. UNUM Life Ins. Co. of America***, 300 F.3d 1197, 1200 -1201 (10th Cir. 2002). The decision in question in this case is subject to review for abuse of discretion. Although consideration of evidence beyond the administrative record is not precluded absolutely, the United States Court of Appeals for the Tenth Circuit has said that only exceptional circumstances warrant the admission of such additional evidence. ***Jewell v. Life Ins. Co. of North America***, 508 F.3d 1303 (10th Cir. 2007).

McClenahan seeks to supplement the administrative record in this case with one of her medical records, dated March 19, 2008. This medical record did not exist when MetLife closed McClenahan's disability claim after terminating her benefits. Thus, this medical record is not properly part of the administrative record. McClenahan argues that this additional medical record should be considered in this case because it is relevant to her claimed disability and because MetLife did not accord her an opportunity to respond to MetLife's ultimate conclusion that McClenahan had to submit evidence of ongoing or consistent radiculopathy to establish an entitlement to continued benefits. Radiculopathy is a diagnosis that can form the basis for continued benefits under the Plan. McClenahan claims MetLife first asserted the need for such evidence of radiculopathy in its November 26, 2007, letter denying McClenahan's administrative appeal of the denial of her claim for continued benefits.

As McClenahan notes, a beneficiary of a plan regulated by ERISA is entitled to "full and fair review" of her claim. ***Metzger v. UNUM Life Ins. Co. of America***, 476

F.3d 1161, 1165 (10th Cir. 2007).  However,

> (P)ermitting a claimant to receive and rebut medical opinion reports generated in the course of an administrative appeal-even when those reports contain no new factual information and deny benefits on the same basis as the initial decision-would set up an unnecessary cycle of submission, review, re-submission, and re-review.

*Id*. at 1166.  McClenahan claims MetLife deprived her of a full and fair review because she was not permitted to address the new basis for denial of benefits stated in MetLife's November 26, 2007, letter.

As detailed in the defendants' reply [#50] in support of its motion *in limine*, McClenahan had ample notice that MetLife would require her to demonstrate that she was disabled due to radiculopathy at the relevant time.  The November 26, 2007, letter did not assert for the first time that McClenahan must submit evidence of ongoing or continuing radiculopathy at the relevant point in time.  Under these circumstances, there is no basis to conclude that McClenahan should be permitted to submit evidence outside of the administrative record, so she can respond to a new issue raised by MetLife.  Rather, the record demonstrates that McClenahan had ample notice and opportunity to present to MetLife evidence relevant to the key issue on which her entitlement to coverage was determined.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Defendants' Combined Motion *In Limine* and Supporting Brief** [#42] filed December 5, 2008, is **GRANTED**; and

2.  That McClenahan's medical record, dated March 19, 2008, which she seeks to have considered as additional evidence in this case, is **EXCLUDED** from evidence in this case.

Dated May 7, 2009, at Denver, Colorado.

                                    **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge