IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-00254-REB-KMT

MARY McCLENAHAN,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, a New York Insurance Company, and
THE KROGER CO. HEALTH AND WELFARE BENEFIT PLAN, an ERISA welfare benefit plan,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**Blackburn, J.**

The matter before me is the **Plaintiff's Motion for Reconsideration/ Amendment of Judgment Under 59 and/or for Relief From Order Pursuant To Rule 60** [#60][1] filed June 1, 2009. The defendants filed a response [#61], and the plaintiff filed a reply [#62]. I deny the motion.

Because plaintiff's motion was filed within ten days of the entry of judgment, it is considered properly under Fed.R.Civ.P. 59(e). However, the bases for granting a motion under Rule 59(e) are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear

---

[1] "[#60]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> error or prevent manifest injustice. Thus, a motion for
> reconsideration is appropriate where the court has
> misapprehended the facts, a party's position, or the
> controlling law. It is not appropriate to revisit issues already
> addressed or advance arguments that could have been
> raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). None of these circumstances pertains here.

Fed.R.Civ.P. 60 provides that a court may relieve a party from a final judgment based on various reasons, including mistake, inadvertence, newly discovered evidence, and "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60 (b). None of these circumstances pertains here.

I have reviewed the plaintiff's arguments, as stated in her motion [#61] and reply [#63], and the defendants' arguments in its response [#62]. I have reviewed also my order [#58] granting the defendants' motion for summary judgment [#34] and denying the plaintiff's cross-motion for summary judgment, as well as the judgment [#59] entered as a result of my order. Nothing in the plaintiff's motion or reply establishes a basis for relief under Rule 59(e), such as an intervening change in the controlling law, or the need to correct clear error or prevent manifest injustice. Further, nothing in the plaintiff's motion or reply establishes a basis for relief under Rule 60(b), including mistake, inadvertence, newly discovered evidence, or any other reason justifying relief from the operation of the judgment.

**THEREFORE, IT IS ORDERED** that the **Plaintiff's Motion for Reconsideration/ Amendment of Judgment Under 59 and/or for Relief From Order Pursuant To Rule 60** [#60] filed June 1, 2009, is **DENIED**.

Dated March 4, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge